### BRUNSON v. FURTICK.

1. PLEADINGS—MAGISTRATE.—A COMPLAINT in a magistrate court alleging that defendant is due plaintiff $100 on a promissory note, but not stating such facts as would indicate amount due, may be amended by alleging the date of the note, when due and place of payment, and so amended is sufficiently definite.

2. MAGISTRATE—JURISDICTION—NOTE.—A party in a magistrate court may claim and sue for less than due on a note, so as to give magistrate jurisdiction.

Before WATTS, J., Richland, July, 1904.    Affirmed.

Action by Peter C. Brunson against W. F. Furtick.   From Circuit judgment sustaining judgment of magistrate court, defendant appeals.

*Messrs. DePass & DePass,* for appellant, cite: *Demurrer is proper remedy against indefinite pleadings in magistrate court:* Code of Proc., sec. 88; 1 Abb., 344.   *Original complaint is superceded by amended complaint:* 1 Ency. P. & P., 625; 7 W. Va., 54; 4 How. Pr., 174; 77 Ia., 676; Code of Proc., 167.   *Amount due on note could not be reduced so as to give magistrate jurisdiction:* 1 N. & McC., 192; 2 N. & McC., 40; 22 S. E. R., 70, 213; 73 Ga., 240; 25 S. E. R., 685; 28 S. E. R., 22; 42 S. C., 203.

*Messrs. Weston & Aycock,* contra, cite: *As to forms of pleadings in magistrate court:* Code of Proc., 88; 30 S. C., 175.   *Plaintiff may reduce his demand so as to confer jurisdiction on magistrate court:* Con., art. V., sec. 21; 42 S. C., 204; 2 McC., 296; 2 N. & McC., 438; 14 Ency. P. & P., 367; 1 Ency. P. & P., 156; 2 Bail., 380; 1 McC., 531; 43 S. C., 69; 69 S. C., 520.

November 7, 1905.  ʼThe opinion of the Court was delivered by

MR. JUSTICE JONES.   The defendant appeals from a judgment of the Circuit Court affirming the judgment of the magistrate court in favor of plaintiff for $100 in an action on a promissory note.

The first question presented is whether there was error in affirming the order of the magistrate overruling defendant's demurrer.   The action was commenced March 12, 1904, before B. P. McMaster, Esq., a magistrate for Richland County, and the complaint alleged that the defendant "is indebted to him in the sum of $100 on a promissory note, which said sum is long since due and

payable." The demurrer to this complaint on the ground that it fails to state any cause of action, and that it is not sufficiently explicit to enable defendant to understand it, was overruled by the magistrate. The magistrate, however, permitted the complaint to be amended so as to insert these words: "Note dated at Columbia, S. C., November 29, 1901, promising to pay on March 1st, 1902, to the order of Peter C. Brunson a certain sum of money, value received, payable at Central National Bank at Columbia, S. C., interest after maturity at eight per cent. per annum." On a subsequent date when the case was called for trial, defendant demurred to the amended complaint, which the magistrate overruled.

We think the demurrer was properly overruled. Sec. 88, subdivision 5, of the Code of Civil Procedure, provides that in a magistrate court, "pleadings are not required to be in any particular form, but must be such as to enable a person of common understanding to know what is intended." In subdivision 6, it is provided that "either party may demur to a pleading of his adversary, or any part thereof, when it is not sufficiently explicit to enable him to understanad it, or it contains no cause of action or defense, although it be taken as true." In subdivision 7, it is provided that "if the Court deem the objection well founded, it shall order the pleading to be amended, etc." The original complaint informed the defendant plainly that the action was upon a promissory note and that the amount claimed thereon was one hundred dollars. The amendment specifically described the note, except as to the amount thereof, but the complaint, as it stood originally and after amendment, claimed $100 upon the note. This was certainly sufficient to enable a person of common understanding to know what was intended.

The next point raised by several exceptions is whether the magistrate had jurisdiction to entertain this suit, inasmuch as the amount of the note sued on with interest exceeded one hundred dollars. The note in question was one of a series of four notes, each for $89.25, with interest after maturity at eight per cent. per annum, and

each dated November 29, 1901, maturing thirty, sixty, ninety and one hundred and twenty days thereafter, respectively. This note maturing March 1st, 1902, the principal and interest at the time of the commencement of this action exceeded $100, but, as stated, the complaint claimed only $100.

The Constitution of 1895, art. V., sec. 21, provides: "Magistrates shall have jurisdiction in such civil cases as the General Assembly may prescribe: *Provided,* Such jurisdiction shall not extend to cases where the value of property in controversy, or the amount claimed, exceeds one hundred dollars, etc." In accordance with this provision, sec. 71, subdivision 1, of the Code of Civil Procedure, provides that magistrates shall have civil jurisdiction in actions arising on contracts for the recovery of money only, if the sum claimed does not exceed $100. In the cases of *Cavender* v. *Ward,* 28 S. C., 472, 6 S. E. R., 302, and *Catawba Mills* v. *Hood,* 42 S. C., 204, 20 S. E. R., 91, this Court, construing a similar provision in the Constitution of 1868 and a similar statutory provision, held that the jurisdiction of a trial justice (now magistrate) in matters of contract is determined by the amount claimed and not by the amount due. These cases are decisive of the question.

The rule which prevailed in South Carolina previous to the Constitution of 1868, and statutes pursuant thereto, as laid down in *Ramsay* v. *Court of Wardens,* 2 Bay, 180; *Simpson* v. *McMillan,* 1 N. & McC., 192; *Amand* v. *Gerry,* 2 N. & McC., 487, is not of force now.

All the exceptions which are not controlled by the foregoing conclusions were abandoned.

The judgment of the Circuit Court is affirmed.

*The* CHIEF JUSTICE *did not participate in this opinion because of illness.*